H. HUGUET, Respondent, v. W. R. OWEN, Appellant.

In a complaint for money expended and services performed, it is best always to use technical words, the meaning of which have long been established, rather than phrases of doubtful import. The complaint should state the money was expended *for the use and benefit* of defendant, and at his *instance* and *request*. So in regard to the performance of labor.

When an action is brought for money advanced, labor performed, commissions, etc., amounting, as the complaint shows, to five thousand six hundred and thirty-one dollars and thirty-seven cents, and the complaint admits a payment on account of two thousand nine hundred and thirty-two dollars and twenty-five cents ; if afterward a bill of particulars is filed, showing that a large portion of plaintiff's claim is for items not covered by or included in any of the counts of his declaration or complaint, it is error to instruct the jury that they may render a verdict for the amount of all those items of the bill of particulars embraced within the scope of the complaint and leave the credit which the plaintiff acknowledges to be offset by those items of his bill of particulars, which are not embraced within the scope of his complaint.

Appeal from the District Court of the First Judicial District, State of Nevada, Storey County, Hon. Richard Rising presiding.

The facts of the case are stated in the opinion of the Court.

*J. C. Foster*, for Appellants, made the following points :

The complaint is defective because it does not aver the money was expended for the use and benefit of defendant or at his request. (2 Cal. 105 ; 3 Seld. 476.)

There is no proof that any particular amount of money was expended for repairing mill. The bill of particulars and proof shows that money was expended for *repairing* and *running* the mill. There is nothing to show how much for one, and how much for the other.

There is nothing to show defendant was bound for the expense of running the mill. The bill of particulars is not a complaint, and cannot set out a new cause of·action. The proof must conform to the allegation of the complaint. (6 Cal. 561 ; 1 Greenleaf on Ev., sec. 51, p. 71 ; *Holland* v. *Hopkins*, 2 Bosanquet & Puller, 243 ; *Bowman* v. *Earle*, 3 Duer, 961 ; *Barnes* v. *Henshaw*, 21 Wend. 428 ; *Spear* v. *Myer*, 6 Barr. 447.)

Whether plaintiff had a right to charge defendant even with repairs, depends wholly on the construction of the power of

Huguet *v.* Owen.

attorney.   Upon no fair construction does that power confer such authority.

The Court erred in giving the instruction asked for by plaintiff.   The effect of the instruction given was, after excluding proof of all items not connected with the repairing of the mill, to require the jury to allow those items in favor of plaintiff without proof.

*Quint & Hardy*, for Respondent.

The insufficiency of complaint is not assigned as error on the appeal.

The complaint contains three counts; if either is good the Court below was right in its order overruling the demurrer. There is no objection as to the sufficiency of one count. (4 Cal. 330; 10 Cal. 237; 11 Cal. 23; 15 Cal. 144.)

There is sufficient evidence to sustain the verdict.   Where a case is fairly submitted to a Jury this Court will not minutely weigh the testimony to see if they would have brought in precisely the same verdict.

When the defendant pleads and sets up a counter claim the plaintiff may bring in an offset to that counter claim.   The receipts of the mill were properly allowed as an offset to the expense of running it.   (*Lessur* v. *Early*, 15 Cal. 200.)

The plaintiff took possession of the mill under a general power of attorney, which of itself empowered him to make necessary repairs.   But he had other authority by letter in addition to that conferred by the power of attorney.

If plaintiff acted fairly in his agency the law allows him to be reimbursed for all his reasonable outlay.

The instruction given in regard to offsetting the credits admitted by plaintiff against the expense of running the mill, etc., were rendered necessary by the instructions given at the instance of defendant and on the Court's own motion, to prevent injustice.

If the instruction only tended to produce a fair verdict and just result, it could not be erroneous.

Opinion of the Court by Justice BEATTY, full Bench concurring.

This is an action in the nature of an action in assumpsit. The complaint contained three counts, One for money expended to amount of four thousand six hundred and sixty-five dollars and eighty-seven cents in repairing defendant's mill; second, a count for percentage of four hundred and sixty-six dollars and fifty cents for disbursing the first named sum; third, a count for five hundred dollars for services rendered.

The complaint then says plaintiff " has been paid on the same [sum] so advanced by him for said defendant the sum of two thousand six hundred and fifty dollars and twelve cents," which being deducted from the aggregate amount of the three counts (five thousand six hundred and thirty-one dollars and thirty-seven cents), leaves two thousand nine hundred and eighty-two dollars and twenty-five cents, for which he claims judgment.

The cause was tried before a jury; verdict and judgment for the plaintiff for the whole amount of the demand. The defendant moved for a new trial, which was refused, and he appeals to this Court, both from the order refusing a new trial and from the judgment rendered in the case.

Appellant's first assignment of error is that the Court below erred in overruling a demurrer to the complaint. The demurrer was on the ground that the complaint did not state facts sufficient to constitute a cause of action. The defect complained of is this : that whilst the suit is for money expended, commission on the same and for services, there is no allegation in the complaint that the money was expended for the use and benefit of defendant, nor that it was done at his instance and request. The same objection applies to the count for services. This is certainly a serious objection to the complaint.

It would be better for counsel always to use those technical words, the exact import of which have been long established, than others of doubtful import. In this complaint there are other things stated from which it may very clearly be inferred that the labor and expenditure were for the use and benefit of defendant, although these words are not used. It is not, how-

ever, so apparent from reading the complaint (taking all for true) that all the services were rendered at the request of the defendant. The expenditures are said to have been made by his *authority*. Possibly this may be equivalent to request. But as this case must be reversed on other points, we merely allude to these apparent defects for the purpose of suggesting that before another trial the plaintiff shall so amend his complaint as to avoid all questions of this kind.

The second error complained of is in regard to the insufficiency of the proof to sustain the verdict, a point which need not be further noticed than as it is connected with the giving a certain instruction which we will have occasion to notice presently. The third assignment of error, that the suit being for money expended in repairing a mill, there could be no proof as to the money expended for running a mill, will also be noticed in connection with the same instruction.

The Court among other instructions, very properly gave the following: "This is an action to recover money advances made by plaintiff as agent for defendant, his principal, in and about the repair of the Mariposa mill, belonging to defendant, from 11th March, 1863, to some time in June following, when the agency ceased.

"Under the pleadings, all the plaintiff can recover in this action as advances, is the amount of money which he properly expended in and about the mill in repairing the same and putting it in proper or suitable running and working condition so as to render it saleable or profitable to rent.

"In the bill of items attached to and made part of the complaint, plaintiff has included charges such as quicksilver, wood, and other expenses incurred in working the mill, which under the averments in the complaint, cannot be recovered in this action; and therefore in determining upon your verdict you will exclude from consideration all such items as do not properly pertain to the necessary repairs of the mill itself."

But strangely enough, after giving this instruction, which was fully warranted by the complaint, the bill of particulars referred to and the evidence in the case, the Court also gave the following instructions:

"That the jury, in estimating the damages, may offset the

credits given against any item or items in the account, not as charged for repairs, and allow what appears properly charged for repairs independent of any credits."

It will be remembered that the complaint charges that plaintiff advanced and expended four thousand six hundred and sixty-five dollars and eighty-seven cents in repairs, and that he was paid on the sums thus advanced two thousand six hundred and fifty dollars and twelve cents.

On the trial, and even by inspection of the bill of particulars before trial, it appeared that a considerable part of this four thousand six hundred and sixty-five dollars and eighty-seven cents was not expended in repairing defendant's mill.

All proof in regard to these expenditues was, in effect, and properly, too, excluded from the consideration of the jury. Under the view of the case presented by the first instruction, (and we think that was the proper view), no proof could properly be introduced by plaintiff in regard to those expenditures not connected with the repairs of the mill, nor anything in rebuttal by the defendant.

Yet in order to allow the jury to give the plaintiff his entire demand, they are instructed that they may offset the credits given in the complaint itself by these charges in the bill of particulars, which are not properly the subject of proof. This is certainly erroneous. It is in effect deciding that the plaintiff, who sues for money expended in repairing a mill, and files a bill of particulars showing that the amount claimed was expended partly for repairing a mill, partly for various other objects, such as buying wood, quicksilver, paying interest on notes, etc., may recover the whole amount of his bill by proving that the class of items connected with the repairing of the mill are correctly charged. The other items of his bill would thus be recovered, not only without proof, but without any allegations in the complaint that such advances had been made. For there can be no practical difference between a direct recovery of these items and an allowance of them as an offset to credits which are by the complaint admitted to have been paid on the account for repairing the mill.

There are other points in the case not necessary to be noticed.

The judgment must be reversed and a new trial awarded. The Court below will allow the plaintiff to amend his complaint if he so desires.