JOSEPH C. HELM v. SMITH-FEE COMPANY and Others.

May 22, 1899.

Nos. 11,511—(63).

Insolvent Corporation—Action against Stockholder—Claim of Stockholder.

A claim against an insolvent corporation of a stockholder therein is not a proper counterclaim in an action brought by a judgment creditor, under the provisions of G. S. 1894, c. 76, to enforce the stockholder's liability. Such a claim should be presented by petition or complaint filed in the original action.

Same—Complaint of Claimant—Proof of Allegations.

When a claim against an insolvent is filed as above set forth, all of the allegations therewith connected are to be taken as denied, and must be proven at the hearing, unless expressly admitted. No answer or reply to such a petition or complaint is necessary.

Guaranty of Corporation Notes—Joint and Several Note—Part Payment by one Stockholder—Claim for Whole Note Disallowed.

Stockholders in a corporation guarantied its paper at a bank. The

corporation became insolvent, and the guarantors (five in number, appellant being one) took up the paper; giving a joint and several note in place thereof. Appellant paid more than one-fifth of the note in cash, and then, in his own name, and for his sole benefit, filed a claim against the insolvent estate for the full amount of the joint and several note; demanding that he be allowed such full amount, upon the ground that the other makers were and are insolvent, and that he alone was responsible for the full amount due. *Held*, that the trial court did not err when it refused to allow his claim, except in the amount he had actually paid.

### Action for Money Paid for Another's Use.

An action for money paid to the use of another will not,lie where there is no promise, express or implied, to repay the same.

Action in the district court for St. Louis county by plaintiff as judgment creditor of defendant corporation, on behalf of himself and other creditors, to enforce the constitutional liability of defendant stockholders. Watson S. Moore, one of defendant stockholders, answered and set up certain counterclaims as stated in the opinion. The case was tried before Moer, J., who found as conclusions of law that defendant Moore was liable as a stockholder for $11,800 and was entitled to recover $4,500. From an order denying a motion for a new trial, said defendant appealed. Affirmed.

*Washburn, Lewis & Bailey*, for appellant.

*J. H. Whitely, Davis, Hollister & Hicks, Henry J. Grannis, S. D. Allen, Lum, Neff & Hartley, White & McKeon, Alford & Hunt, Teare & Middlecoff, Fryberger & Johanson, Hadley & Armstrong, Pealer & Fesler*, and *Baldwin & Baldwin*, for respondents.

COLLINS, J.

This was an action brought by plaintiff, as a judgment creditor of defendant, the insolvent corporation, against it and its stockholders, under the provisions of G. S. 1894, c. 76.

Appellant, Moore, was one of the stockholders; and, when answering plaintiff's complaint, he set up by way of counterclaim several demands held by him against the corporation, arising principally out of transactions in which he had either indorsed or guarantied its promissory notes, and had been compelled to pay. Among these demands were the two involved in this appeal. According

to the pleadings and the findings, the larger of these, amounting to over $14,000, arose out of a written guaranty to a Duluth bank, executed and delivered by several stockholders, including appellant, by means of which they jointly and severally guarantied the payment of certain bills receivable then held by the bank, and upon which the corporation was liable as an indorser. These bills the guarantors were called upon to take up and pay, which they did by executing and delivering their joint and several note to the bank, April 18, 1895, for the full sum due; thus discharging and releasing the corporation from any further liability to the bank on the original bills receivable. At different times appellant made payments upon this note, aggregating $4,500 in all. No payments have been made thereon by the other makers thereof, and they are insolvent. No payments whatever have been made on the original bills.

On these facts, appellant contended that he should be allowed, as a claim against the estate, the full amount of the joint and several note signed, as before stated, by himself and four other stockholders. He was allowed the sum of $4,500, the amount already paid by him to the bank. Error is assigned as to the refusal to allow the full claim.

In reference to the second or smaller claim, the findings were (and appellant does not question their correctness) that on September 4, 1894, about three months after the corporation made an assignment, under the state law, for the benefit of its creditors, appellant paid one of its past-due notes, with its knowledge and consent, and for its benefit; no part thereof having been repaid by the maker. The trial court refused to allow any part of the claim, and in this, it is contended, the court erred.

1. The method adopted by appellant to place his claims before the court for adjudication was wholly irregular and unauthorized. They should have been presented by means of a petition or complaint, in response to the notice to creditors which was duly given. They should not have been brought before the court as counterclaims in a stockholders' action, for they were not counterclaims, in any sense, in such an action. The practice in such cases is well settled. Pioneer Fuel Co. v. St. Peter St. Imp. Co., 64 Minn. 386,

67 N. W. 217.  But as the claims were adjudicated at the trial of the action, no objection being made on account of the irregularity, that part of the answer in which they were pleaded must be considered and treated as a creditors' petition in the original proceeding, filed in response to published notice to file claims.  When such a petition is filed, all the allegations stand as controverted by all other parties.  It is incumbent on the creditor to prove his claim on the trial, unless it is expressly admitted.  No answer or reply is required.  Pioneer Fuel Co. v. St. Peter St. Imp. Co., supra.

2.  When the stockholders (appellant and four others) executed and delivered their note to the bank in place of, and as a substitute for, the guarantied paper, it operated as payment, in so far as the corporation was concerned; and the right to reimbursement, as against the latter, became fixed and presently due.  The debtor had been discharged, and the five guarantors had a joint cause of action against the corporation, which could have been enforced immediately.  But nothing was done by the guarantors, and so, when appellant made his payments, as fast as he made them, and to the full amount paid by him, he had a separate and several cause of action; being subrogated to the rights of the other four.  The full sum paid by him, as before stated, amounted to $4,500, and this he was allowed by the trial court.  But he had not seen fit to pay the balance of the note, nor had he acquired the rights of the other makers of the same; nor would the mere fact that they were insolvent, while he remained solvent and liable, authorize him, in his own name and for his sole benefit, to present the claim against the estate, and secure its allowance in full.  It was proper, probably, to allow appellant his actual damages; but the court could not speculate upon the possibility of his making full payment, thus protecting the other signers, if it should allow the full amount to him.  It must not be forgotten that this is not a case where one of the five in behalf of himself and the others has filed a claim for allowance, asking an order of the court which will protect all when the claim is adjusted and the assets distributed.

The court below was right when it rejected appellant's claim for the amount assumed and taken care of by the five stockholders, over and above that actually paid by him.

3. To entitle appellant to recover upon the smaller claim, it was at least necessary for the court to have found as a fact that he paid the note at the instance and request, express or implied, of the payor. According to the finding, appellant was simply a volunteer. He was under no obligation to pay, had no right or interest, legal or equitable, to protect by payment, and was not requested, expressly or by implication, to pay. It is elementary law that an action for money paid to the use of another will not lie where there is no promise, express or implied, to repay the same. Possibly counsel are right when insisting that the evidence would have amply supported a finding on this point, but it was not made, and we cannot supply the defect.

Order affirmed.

MITCHELL, J.

Appellant's so-called answer stated facts constituting a claim against the insolvent corporation in favor of himself and his four co-guarantors, and one which he had a right to present in behalf of himself and them. And I think the court might, instead of rejecting the whole claim, have allowed it in favor of the five persons, notwithstanding the fact that appellant presented it as a claim in favor of himself alone. But, as the court was never asked to do this, I do not think that we should hold that it committed reversible error in not doing so. I therefore concur in the opinion.