CAPE GIRARDEAU BELL TELEPHONE COM- PANY, Respondent, v. THE ESTATE OF T. J. HAMIL, Deceased, Appellant.

Springfield Court of Appeals, February 6, 1911.

1. ASSIGNMENTS: Voluntary Payments: Assignment After Payment. Decedent was killed while in plaintiff's employ and plaintiff paid the expenses of the funeral. Later a judgment was obtained against plaintiff on account of the death of the employee, and two years subsequent to paying the funeral ex- penses, plaintiff procured assignments of the accounts and filed its claim on the same in the probate court. The evidence is examined and *held* to show that plaintiff had in the first in- stance voluntarily paid the accounts and that no subsequent assignment of the same could be made.

2. ——: ——: ——. When a party who has no interest to protect pays the debt of another without any request from the debtor, and when he is under no legal obligation to pay it, and pays it with no understanding at the time that an assignment is contemplated, he cannot afterwards, when it suits his convenience, change front, secure an assignment of the debt and enforce collection from the debtor.

3. ——: ——: **Party in Interest: Subrogation.** A party who has an interest in property to protect, and to do so pays an incumbrance thereon, may be subrogated to the rights of a holder of the debt and the law will treat him as the purchaser of the debt in order to protect him, even though no assignment of the debt was taken at the time.

Appeal from Cape Girardeau Court of Common Pleas.—
*Hon. R. G. Ranney*, Judge.

REVERSED.

*L. L. Bowman* and *Frank Kelly* for appellant.

(1) The telephone company knew every fact connected with the accounts when it paid them, and of their own will made a voluntary payment with full knowledge, no fraud, no duress, and it cannot recover. American Brewing Co. v. St. Louis, 187 Mo. 367; Teasdale v. Stoller, 133 Mo. 645; Stoll ex rel. v. Stenetticet, 92 Mo. App. 220; Campbell v. Clark, 44 Mo. App. 249; Meir v. Meir, 88 Mo. 566; 30 Cyc. 1298.

*Oliver & Oliver* for respondent.

(1) The first, if not the only question in this case, is: Was the assignment of this claim from the under-taker Hoch to the respondent, a purchase of it, or was it a payment of it? If it was a purchase of the claim the finding of the lower court was correct and its judgment should be affirmed. Vanstandtz v. Hobbs, 84 Mo. App. 631; Swope v. Leffingwell, 72 Mo. 348; Campbell v. Allen, 38 Mo. App. 27; Campbell v. Roeder, 44 Mo. App. 324. (2) Where one owing a note or debt pays the

money the transaction is presumed to be a discharge of the debt; but where one, not the debtor or payor pays the holder or the creditor and takes the obligation with an endorsement or assignment, the transaction is presumed to be a purchase; and possession of the instrument with the endorsement entered thereon is prima facie ownership and the fact that the note is past due will not alter or change this presumption. Marshall v. Meyers, 96 Mo. App. 643; Campbell v. Allen, 38 Mo. App. 27. (3) The trial court sitting as a jury in this case found from the evidence adduced that respondent purchased the account from the undertaker and took an assignment of it, and that it was not a payment of the account. This court will not discredit nor disturb that finding if there is any substantial testimony to support it. Pickens v. Railroad, 125 Mo. App. 674; Everman v. Eggers, 106 Mo. App. 732; Veale v. Greene, 105 Mo. App. 182; Garner v. Railroad, 128 Mo. App. 408. (4) Where services are rendered by one for another, they are presumed to be for hire and not gratuitous, and this principle has been applied in making a husband liable for the funeral expenses of his wife, although he was beyond the seas at the time of her funeral; and also in making an estate liable for the funeral expenses of the deceased where the executor neglected to give the necessary orders for the funeral. Lawson on Contracts (2 Ed.), 53 and 51; Allen, Adm., v. College, 41 Mo. 308; Hart v. Hart's Adm., 41 Mo. 446; Coleman v. U. S., 152 U. S. 96; 1 Parson on Contracts (6 Ed.), 493.

COX, J.—Thomas J. Hamil was an employee of plaintiff, and was killed by coming in contact with a live wire in July, 1907. The plaintiff soon thereafter paid the funeral expenses of the deceased. J. A. Hamil was appointed administrator of the estate of deceased and later brought suit against plaintiff and re covered judgment for $1875, damages on account of the death of Thomas J. Hamil. Plaintiff paid this judg-

ment, then about November 1, 1909, secured an assignment to it of the accounts for the funeral expenses paid by it over two years prior thereto, and presented these accounts to the court of common pleas of Cape Girardeau, which exercised probate jurisdiction, for allowance against the estate of Thomas J. Hamil. The account was allowed and the administrator has appealed.

The only question to determine here is whether the finding of the court is supported by substantial testimony. If it is so supported the court's finding is binding upon us.

Plaintiff contends that it purchased the accounts, while defendant insists that plaintiff voluntarily paid the account and did not purchase it. It is conceded that plaintiff paid to the creditor the amount of the claim and that no assignment was taken or asked for at the time. The only thing said at the time by the party making the payment to the creditor was that if the family should offer to pay the bill for him to accept it. Did this show a purchase of the account or a payment of it? To our mind it negatives the idea of a purchase, and, on the contrary, shows a voluntary payment with a suggestion that if the friends of the deceased wished to reimburse plaintiff for the payment it would be accepted. This was not a purchase of the account at that time, and procuring an assignment of the account two years thereafter and after plaintiff had been compelled to pay a judgment against it for damages did not, and could not, convert the payment into a purchase.

A party who has an interest in property to protect, and to do so, pays an incumbrance thereon, may be subrogated to the rights of the holder of the debt and the law will treat him as a purchaser of the debt in order to protect him even though no assignment of the debt was taken at the time; but when a party who has no interest to protect pays the debt of another without

any request from the debtor and when he is under no legal obligation to pay it, and pays it with no understanding at the time that an assignment is contemplated cannot afterward, when it suits his convenience to change front, go then and secure a formal assignment of the debt and enforce collection from the debtor. [Bunn v. Lindsay, 95 Mo. 250, 7 S. W. 473; Crane v. Noel & Cohn, 103 Mo. App. 122, 78 S. W. 826.]

The payment of the debt in this case was voluntary when made and plaintiff must be bound by it. The result is that plaintiff has no cause of action. Cases to which we are cited by respondent, Vanstandz v. Hobbs, 84 Mo. App. 628; Swope v. Leffingwell, 72 Mo. 348; Campbell v. Allen, 38 Mo. App. 27; Campbell v. Roeder, 44 Mo. App. 324, are not in conflict with our holding in this case. Judgment reversed. All concur.