C. H. EVERT v. MIKE FELSKA.[1]

May 11, 1928.

No. 26,613.

**Stockholder sued on his constitutional liability cannot offset corporation's debt to him.**
    A stockholder in a corporation, when sued on an assessment for stockholder's superadded liability, cannot offset the corporation's indebtedness to him.

Corporations, 14 C. J. p. 1046 n. 28.

See note in L. R. A. 1918E, 243; 40 A. L. R. 1183; 7 R. C. L. 411; 2 R. C. L. Supp. 378; 6 R. C. L. Supp. 446.
See note in 41 L.R.A.(N.S.) 996.

Action in the district court for Renville county by the receiver of the Olivia Co-operative Mercantile Company to recover an assessment on defendant's stock based upon his constitutional liability. There were findings for plaintiff, and defendant appealed from an order, Baker, J. denying his motion for a new trial. Affirmed.
    *Murray & Baker,* for appellant.
    *Edward Lindquist* and *C. A. Fosnes,* for respondent.

[1]Reported in 219 N. W. 452.

WILSON, C. J.

The appeal is from an order denying a motion for a new trial.

Plaintiff seeks to recover a stockholder's assessment arising out of defendant's alleged constitutional liability. Defendant claims an equitable set-off equal to his stockholder's liability by reason of a loan made to the corporation prior to its failure. He received a promissory note containing a statement that the corporation would not pay any dividends until the note was paid nor would it carry merchandise in excess of $55,000. By the terms of the note it was payable out of the surplus of the maker. Defendant has filed his claim, and the order allowing it limits its payment to the funds in the hands of the receiver after all other claims and expenses are paid.

The defendant is to be heard in a case of this character as to his individual defenses. McCabe Bros. Co. v. Farmers G. & S. Co. 172 Minn. 33, 214 N. W. 764. Whether defendant's claim is a contingent one is not of importance. He simply cannot offset the corporation's indebtedness to him. Helm v. Smith-Fee Co. 76 Minn. 328, 79 N. W. 313; Harper v. Carroll, 66 Minn. 487, subd. 16, p. 506, 69 N. W. 610, 1069; Richardson v. Merritt, 74 Minn. 354, 362, 77 N. W. 234, 407, 968; note to Shurlow v. Lewis, 41 L.R.A.(N.S.) 996, and cases cited at sub-notes 64 and 65; Reimers v. Larson, 52 N. D. 297, 202 N. W. 653, 40 A. L. R. 1177, Anno. 1183, 1194; 3 Clark & Marshall, Private Corp. pp. 2390, 2472, 2625; 7 Fletcher, Cyc. Corp. § 4246.

Affirmed.