IOWA STATE INSURANCE COMPANY, RESPONDENT, v. MISSOURI SOUTHERN RAILROAD CO., APPELLANT.*

Springfield Court of Appeals. September 17, 1928.

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, section 621, p. 458, n. 29; section 622, p. 458, n. 33.

*John H. Chilwood* and *Jules A. Fremon* for appellant.

BAILEY, J.—This is a suit by plaintiff insurance company to recover of defendant the amount plaintiff paid the insured on one of its fire insurance policies. The action is for damages on account of the destruction by fire of a three-room dwelling house situated at Bunker, Missouri, near defendant's railroad track. Plaintiff alleged that the owner of this house had a policy of insurance issued on it by plaintiff, insuring the property against fire to the extent of $500; that on June 11, 1926, while said policy was in force, the house was destroyed by fire communicated to it by sparks from one of defendant's locomotives; that by reason of said fire plaintiff became liable to and paid the insured $500 under the terms of said policy; that upon the payment of said sum plaintiff became and was subrogated to all the rights of said insured against defendant. The answer was a general denial. The case was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $150, from which judgment defendant has appealed.

The facts necessary to an understanding of the issues raised may be briefly stated. There was evidence tending to prove the fire was caused by sparks emitted from defendant's locomotive and communicated to the dwelling house insured. Defendant does not seriously question the sufficiency of the evidence to sustain the verdict on that phase of the case. The policy of insurance contained a provision that in the event the building insured "be or become vacant or unoccupied, and so remain for ten days" the policy should be void. We may assume, for the sake of argument, that the evidence shows the building in question was unoccupied for a period of ten days before the fire so as to give plaintiff the right to avoid the policy. Nevertheless, plaintiff paid the claim in the sum of $500 and at that time took from the insured a written assignment. This assignment provided that in consideration of the sum so paid, and in

full settlement of the insured's claim, he assigned to plaintiff all right, claims or choses in action he might have against defendant, granting plaintiff the right "to sue, compromise or settle in my name or otherwise, and it is hereby fully substituted in my place and subrogated to all my rights in the premises to the amount so paid."

It is urged by defendant that plaintiff was under no legal obligation to pay the loss occasioned by the fire because the policy had become void by reason of the dwelling house being unoccupied for a period of ten days; that in making such payment plaintiff was a mere volunteer and not entitled to recover from defendant; and that the payment of the loss did not entitle plaintiff to an assignment and subrogation to the rights of the insured against defendant. In support of these contentions defendant cites Cape Girardeau Bell Tel. Company v. Hamil's Estate, 153 Mo. App. 404, 134 S. W. 1103, and other similar cases. Those cases simply state the principle that when a party who has no interest to protect pays the debt of another without any agreement or intention to obtain an assignment, he cannot afterwards change front and procure an assignment so as to enforce collection and for the same reason there can be no subrogation against the debtor. A different principle is involved in the case at bar. In this case plaintiff Insurance Company paid a claim in regard to which it may, or may not, have been liable under the policy. At the very time and in consideration of the payment made it took a written assignment from the insured. Such assignment was provided for by the very terms of the policy. Plaintiff is in no sense a volunteer. It had an interest in getting settled the claim of the insured arising from the fire loss. It may have preferred to compromise the claim rather than suffer a lawsuit and depend on the theory that the policy of the insured was rendered void by non-occupancy. Plaintiff was under no obligation to defendant and should not be compelled to resist a claim in order to save defendant harmless. There was no privity of contract between them and defendant should have no concern as to the policy of insurance being voided, further than to be protected in any amount it should have to pay plaintiff. In this defendant is fully protected by the written assignment. Moreover, if defendant were liable in the first instance for the fire damage, it should not be relieved of liability on account of the conduct of plaintiff in paying the claim. When plaintiff paid the fire claim it became subrogated to the rights of the insured against defendant and had recourse against defendant either by subrogation or under the written assignment, it makes no difference which. We think these views are sustained by the leading authorities on this question. [St. Louis-Arkansas & Texas R. Co. v. Fire Association, 60 Ark. 325, 30 S. W. 350; 28 L. R. A. 83; U. S. Casualty Co. v. Bagley, 55 L. R. A. (Mich.) 616; Phœnix Ins. Co. v. Pennsylvania, 20 L. R.

A. (Ind.) 405; Potomac Insurance Company v. Nickson, 64 Utah, 395, 231 Pac. 445; 42 A. L. R. 128; Royal Indemnity Co. v. Platt & W. Ref. Co., 163 N. Y. Supp. 197; 14 R. C. L., art. 568, p. 1406.]

It follows the judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.