Argued October 11; affirmed October 26, 1939

# KING *v.* KING

(95 P. (2d) 66)

Department 2.

H. H. King, in pro. per.
Charles J. Swindells, of Portland, for respondent.

LUSK, J. The plaintiff-respondent, Marguerite E. King, and the defendant-appellant, Homer H. King, were formerly husband and wife. In 1924, they conveyed to Lucy C. Pennington, as trustee for them, certain real property in Portland, Multnomah county, Oregon, which they held as tenants by the entirety. They were divorced in the year 1930. On December 18, 1934, Lucy C. Pennington, at the instance of the appellant, conveyed this property to his sister, Ollie K. Shields. The property is improved with an apartment house which was occupied and managed by the appellant during the period beginning June 12, 1931, and ending December 30, 1934.

This suit was brought to require the defendant, Ollie K. Shields, to execute a deed to the respondent of an undivided one-half interest in the real property, and for an accounting by the appellant of the rents and profits received by him from the apartment house during the period that he was managing it.

The defendant, Ollie K. Shields, defaulted, and the appellant, who appeared for himself, admits that the respondent is entitled to a decree declaring her to be the owner of an undivided one-half interest in the real estate. The only question to be decided, therefore, relates to the accounting.

As to that, the appellant alleges in his answer, first, that he expended out of his own funds, ''in and upon said property in the interests of both plaintiff and defendant'', the sum of $1,180.84 in excess of the income received by him; second, that from May, 1930, until June, 1931, the respondent collected in rentals from the apartment house about $850 without accounting to appellant for his share of that sum. Based upon these claims appellant asked for a judgment against respond-

ent for $590.42, one-half of the amount by which he claims that his expenditures exceeded his receipts, and for the further sum of $425, one-half of the rentals alleged to have been received and not accounted for by the respondent.

The circuit court entered a decree declaring respondent the owner of an undivided one-half interest in the real property and giving appellant a judgment for $81.90, being the difference between the rentals received by the appellant, as found by the court, to wit, $2,831.50, and the amount disbursed by him, to wit, $2,913.40. This appeal is from the latter portion of the decree.

There is no dispute about the amount of the rentals received by the appellant, nor about most of the ordinary items of expenditure for which he claimed credit, such as payments of taxes, principal and interest on mortgage, gas, electricity and fuel bills. The controversy here is centered upon four items, disallowed by the circuit court, as to which the appellant claims the right to contribution by the respondent. These are: (1) $693.81, costs incurred in the circuit court and this court in an action for libel entitled *S. F. Pitts v. H. H. King, Marguerite E. King, H. C. Larsen, and Ella Larsen,* in which the plaintiff Pitts recovered a judgment against the defendants therein for the sum of $5,000. On appeal the judgment was reversed and a judgment entered for the defendants in that case for respondent, on a promissory note for $100 signed by their costs and disbursements in the sum of $693.81. See *Pitts v. King,* 141 Or. 23, 15 P. (2d) 379, 472. (2) $150, attorneys' fees paid by the appellant for preparing the brief on appeal in the case of *Pitts v. King et al.* (3) $87, paid by the appellant to J. D. Neels, father of

respondent and appellant. It is claimed that the money borrowed was used to help defray expenses in the case of *Pitts v. King et al.* (4) $72, paid to respondent for clothing and other necessaries of life.

■ The last item may be disposed of with the statement that on its face it is not an expenditure upon the property which is the subject matter of this controversy. We are satisfied, moreover, that the sums were intended as gifts to the respondent, and were advanced without expectation of repayment.

■ The other three items are for expenses incurred in connection with the defense of the libel action, and in the prosecution of an appeal to this court from the judgment recovered by the plaintiff in that action against the parties to this appeal and to others. The appellant, a layman, who has represented himself throughout the present litigation, cannot, of course, be expected to be learned in the law, and has not suggested to us any legal grounds of recovery of the controverted items. He is a tenant in common with the respondent who has sued for an accounting of rents and profits received by him from the commonly owned property. In such a suit he may enforce contribution from his cotenant for moneys laid out by him in the payment of taxes, liens, under certain circumstances for permanent improvements, and perhaps for other purposes not now in issue. See 14 Am. Jur., Cotenancy, 109, § 43; 115, § 49. He would be further entitled to contribution for the costs incurred by him in defending the title to the common property: 62 C. J., Tenancy in Common, 483, § 123. But, as stated by Mr. Freeman in his work on Cotenancy and Partition, p. 412:

"The enforcement of contribution between cotenants seems to depend upon the same circumstances, and to be governed by the same principles, as when con-

tribution is sought between persons who are not cotenants. If contribution be exacted from a cotenant for money expended in removing a paramount title or incumbrance from the common property, this is because a common burden has been removed and a common benefit received, and not because the complainant and defendant were seized of a common or joint estate. Precisely the same right of contribution would have arisen if the parties, instead of being cotenants, had been owners in severalty of lands embraced in and subject to the same mortgage or other lien."

■ In this case there was a joint judgment against the respondent and the appellant. The property stood in the name of a third party, and their interests, being merely equitable, were doubtless not subject to the lien of the judgment: *Holmes v. Wolfard*, 47 Or. 93, 81 P. 819. Nevertheless, their interests were menaced, and, for the purpose of the present discussion the judgment may be treated as though it had become in fact a lien upon the property. In that view, it was a lien upon her undivided share of the whole and upon his undivided share of the whole. There was no common lien upon the interests of both. Had King alone appealed from the judgment in the Pitts case, and obtained its reversal, the liability of Mrs. King would not thereby have been affected, but the judgment as to her would have remained in full force and effect: 4 C. J., Appeal and Error, 1184, § 3219. The expenses incurred by the appellant in prosecuting an appeal to this court may be said to have been instrumental in removing both liens, but no "common burden" was removed, nor was any "common benefit" received. It goes without saying that the appellant is not entitled to contribution on account of his financial outlay in protecting his own interest; and he is equally without recourse for any protection

that he may have afforded her interest, because, in that, he was a mere volunteer.

Apparently the only case presenting a like question under analogous facts in *Wragg v. Wragg*, 208 Iowa 939, 226 N. W. 99, 64 A. L. R. 1292. The plaintiff there was a tenant in common with his mother and brother, against whom a bank had recovered a judgment. The judgment creditor was about to levy execution on the debtors' interest in the commonly owned property. The plaintiff thereupon paid a part of the judgment, and the mother the balance, and the plaintiff sued to recover the amount paid by him and to be subrogated to the rights of the bank. The court held that the plaintiff was not entitled to the relief sought because, not being bound to protect the interests of his cotenants either legally or for self-protection, and not having paid the judgment at their request, he was a mere volunteer. In an annotation to this case in 64 A. L. R., at p. 1299, it is said:

"While the owner of an undivided interest in realty may have a practical concern in excluding persons other than his co-owners from any claim upon the property, even though his own legal title and rights would not be affected by such claim, it is inferable from the reported case that such practical concern cannot be the basis of equitable subrogation. Since the owner of an undivided interest in realty may sell or encumber the same without legally affecting the interests of his co-owners, it follows that they have no interest to protect in avoiding such transactions."

While there can be no question of subrogation here, nevertheless we think the principle of the cited case is applicable. The appellant was not bound, in law or for his own protection, to expend money in order to secure a reversal of the judgment against his cotenant, and

thereby·remove the lien of that judgment from her undivided interest in the property. The appellant has not alleged in his answer, and there is no evidence, that these expenditures were made at the request of the respondent, and hence there was no implied obligation on her part to repay any portion of them.

We have treated this phase of the case as though it had been proven that the entire amount claimed was expended in the prosecution of the appeal to the supreme court. The fact is, that there is no segregation in the proof of the costs incurred in the circuit court from those in the supreme court. Obviously, there could be no contribution for expenses incurred in the circuit court before any judgment had been recovered. And since there is no segregation and no way of determining from the record how much of the expenses were incurred on the appeal, for that reason alone the item of $693.81 would not be allowable. It does appear in evidence, however, that the sum of $150 was paid by the appellant to an attorney for preparing a brief on appeal. Nevertheless, for the reasons heretofore given, we are of the opinion that the appellant is not entitled to enforce contribution by the respondent on account of any of the three items under discussion.

The only other question relates to appellant's claim that from May 24, 1930, until June 12, 1931, respondent collected the rentals from the apartment house and failed to account to him for his share. On this issue respondent swore that during all the time in question, with the exception of a period of two months, she and the appellant were living together in the apartment house, although they were divorced, and, while it was true that she collected the rentals, she immediately turned them over to him. The appellant admitted on

the witness stand that he had received some of the rentals from her, but stated that he did not know how much. In view of her positive testimony on the subject, which was only qualifiedly denied by him, we accept her statement, as did the learned circuit judge, and on this issue we find against the appellant.

■ So far as we are able to ascertain from the briefs of counsel and the oral argument, no other complaints are made by the appellant of the decision of the court below. In the brief of counsel for respondent there are criticisms of the decree which are not without merit, but, as she has not appealed, we are without power to grant her relief.

The decree of the circuit court is affirmed.

RAND, C. J., and BELT and BAILEY, JJ., concur.