Argued September 9, affirmed as modified September 25, 1968

## DOTY et ux, *Appellants, v.* EDMISON et al, *Respondents.*

445 P. 2d 133

*James W. Walton,* Corvallis, argued the cause for

appellant. With him on the briefs were Ringo, Walton & McClain, Corvallis.

*Harrison M. Weatherford* and *William E. Brickey,* Albany, argued the cause for respondents. With them on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

This is a suit for partition. Plaintiff, Clara Doty, is the divorced wife of defendant Edmison. When the divorce decree was entered in 1960 it provided that certain real property, appurtenances and buildings then owned by the parties were to be held by the parties as tenants in common. The property consisted of a drive-in restaurant. The divorce decree also provided that:

> "IT IS FURTHER * * * DECREED * * * that the restaurant business formerly operated by plaintiff and defendant in Monmouth, * * *, and the good will thereof be awarded to plaintiff and defendant as joint property, provided, however, that the benefit of the profits and operation thereof is hereby awarded to the defendant as his sole and separate property;"

In the present partition suit the trial court decreed a sale of the property and partition of the proceeds. The court required plaintiff to contribute to defendant one-half of the total principal and interest paid upon a contract of purchase of the property and one-half of the sum he had paid for taxes, assessments for street improvements and repairs. Plaintiffs sought credit for the rental value of the premises during the period

of defendant's occupancy. The court denied plaintiffs any credit. Plaintiffs appeal. The defendants Wood are not participants in this appeal.

On appeal, plaintiffs argue that they are entitled to either the rental value or, in the alternative that defendant Edmison should not be entitled to the credits for capital improvements made by defendant and allowed by the trial court.

■ We think that the divorce decree did eliminate any right plaintiff may have had for rent. However, we do not think that defendant is entitled to credit for all expenditures made by him on the property.

■ There is no prior decision of this court involving a similar problem. However, it is implicit in our decisions that relief incidental to a partition will be governed by equitable principles and the court should endeavor to make fair adjustment of the problems frequently left dangling by the partition of property. *Brusco v. Brusco,* 1965, 241 Or 550, 407 P2d 645; *King v. King,* 1939, 163 Or 84, 95 P2d 66. This is the rule generally followed. 40 Am Jur § 39, Partition, p 32. It appears to us that the effect of the trial court's decree was to make allowance to defendant for expenditures which were costs of doing business and which did not increase the value of the parties' interest in the property. This we believe to be inequitable.

■ The decree should be modified to allow defendant credit for payments he has made on the purchase price of the property as fixed by the trial court and for the amount of a street assessment actually paid by defendant. The remainder of the proceeds of sale should be divided equally between the parties.

Affirmed as modified. Costs to neither party.