Argued September 15, affirmed as modified November 10, 1965

BRUSCO *v.* BRUSCO ET AL

407 P. 2d 645

*Verne W. Newcomb,* Portland, argued the cause for appellant. With him on the brief were Sabin, Dafoe & Newcomb and Jack B. Schwartz, Portland.

No appearance for respondent James Brusco.

*George L. Schwarz,* Portland, argued the cause and filed a brief for respondent Frances G. Brusco.

Before McAllister, Chief Justice, and Sloan, Denecke, Holman and Lusk, Justices.

DENECKE, J.

The plaintiff co-tenant brought this partition suit against his co-tenant and Frances Brusco, who holds

a dower interest in the defendant co-tenant's undivided interest. The parties agreed that partition was desirable. The only issue is whether plaintiff is entitled to one-half the amount expended by him on improvements, repairs, and taxes on the property. The trial court, sitting without a jury, awarded plaintiff $406.16. Plaintiff appeals, contending he is entitled to a substantially greater sum.

The property was originally owned by Giacomo Brusco. In 1915 Giacomo mortgaged the property. In 1919 the mortgagee assigned his interest to Giacomo's sons, Mike, the plaintiff, and Emanuel, the defendant James' father, and the defendant Frances' husband. In 1940 Multnomah County acquired the property by foreclosure for delinquent taxes. In 1942 Mike and Emanuel purchased the property from Multnomah County by paying the back taxes and interest. The conveyance recites that the two sons are the former owners. Emanuel died in 1962 and the defendant James inherited his interest.

The trial court entered the following Conclusions of Law:

"I

"Plaintiff is entitled to have credit on partition of the real property to be partitioned for work done and amounts expended in the making of necessary repairs and improvements and the payment of taxes and assessments upon said property for which no repayment has been received.

"II

"Credit on partition for work done and amounts expended in the making of necessary repairs and improvements and the payment of taxes and assessments upon the real property to be partitioned

prior to September 18, 1957, is barred by the Statute of Limitations."

■ The plaintiff contends the statute of limitations is not applicable. The plaintiff is correct for, among other reasons, the statute of limitations is not pleaded as a defense. The statute of limitations is an affirmative defense that must be pleaded in order to be raised at trial. *Hewitt v. Thomas,* 210 Or 273, 276, 310 P2d 313 (1957).

■ The defendant Frances did plead the defense of laches. If we construe the court's conclusion to be a holding that laches applies and the time limit of the statute of limitations is used as the measurement, the plaintiff nevertheless is entitled to prevail. Laches will not bar a claim unless the plaintiff's failure to timely press his claim has prejudiced defendant. *County of Lincoln v. Fischer,* 216 Or 421, 447, 339 P2d 1084 (1959). As we stated in *Kelly v. Tracy,* 209 Or 153, 172, 305 P2d 411 (1956), "the delay in order to amount to laches must be such as works injury to another." The trial court made no finding of prejudice or injury to the defendants. The defendants called no witnesses and the plaintiff's evidence had no proof of prejudice or injury to defendants.

Apart from the statute of limitations, the trial court held that plaintiff was not entitled to reimbursement for any expenses incurred prior to the date plaintiff and his brother became co-tenants, May 1942. Plaintiff contends this was error.

■ A co-tenant's right to reimbursement arises from equitable tenets,—"good conscience, and as a matter of fair dealing." *Pulse v. Osborn,* 30 Ind App 631, 64 NE 59, 61 (1902). Today this would probably be labeled "unjust enrichment," i.e., the co-tenant has

received a benefit from the money expended by his fellow co-tenant which it would be unjust to permit the co-tenant to retain. The parties agree that according to this principle a co-tenant is entitled to reimbursement from his fellow tenants for expenses for improvements and preservation of the property incurred during the period of co-tenancy (apart from the question of the statute of limitations or laches).

The usual rule is:

"A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other or of third persons." Restatement, 461, Restitution § 112.

Plaintiff has cited us *Adams v. Adams,* 348 Mo 1041, 156 SW2d 610 (1941), to the effect that a co-tenant may secure reimbursement although the expenditures to improve and preserve the property were made before the co-tenancy began. However, in *Adams v. Adams,* supra, the person making the expenditures believed he was the owner of the property at the time the expenditures were made and, therefore, there was a mistake, a common ground for restitution. *Pulse v. Osborn,* supra, states that it is possible under some circumstances for a co-tenant to recover for expenditures made prior to the time he was a co-tenant; however, apparently, that decision held that no recovery should be granted.

■■ Plaintiff contends that because he and his brother Emanuel held their father's mortgage on the property during the time they were not co-tenants, the principle of unjust enrichment entitles him to reim-

bursement for sums expended during this period. We do not agree. A mortgagee is entitled to look to his mortgagor to repay him for sums expended in preserving the security. *Vlacancich v. Kenny,* 271 NY 164, 2 NE2d 527 (1936).

■■ We find no circumstances to expand beyond the co-tenancy relation the usual rule that one voluntarily conferring a benefit upon another without request is not entitled to restitution. Plaintiff is not entitled to reimbursement for moneys expended prior to 1942.

■ Plaintiff objects to the trial court's failure to award him an attorneys' fee. ORS 105.405 (2) provides:

> "The costs of partition, including &ast; &ast; &ast; reasonable attorney fees to be determined by the court for services performed for the common benefit of all parties and other disbursements, shall be paid by the parties entitled to share in the lands divided in proportion to their respective interests therein, &ast; &ast; &ast;."

The record shows that most, if not all, of the plaintiff's attorneys' work was necessitated by the controversy over the amount, if any, for which plaintiff was entitled to reimbursement and, therefore, was not for the "common benefit of all parties." The trial court acted within its discretion.

■■ Partition is an equitable matter and our review is de novo. We, therefore, find that between 1942 and 1957 the plaintiff expended $1,344 for improvements and preservation of the property. Expenditures for this period were disallowed by the trial court in the belief that the statute of limitations or laches barred the plaintiff. We are disallowing the

amounts claimed for taxes on the basis of our understanding of the plaintiff's testimony that his brother paid one-half. We are reducing the amount claimed for painting in 1945 and are eliminating the amount claimed as additional fees paid for the Supreme Court appeal in *Bursell v. Brusco,* 203 Or 37, 275 P2d 873 (1954). One-half of the amount allowed, or $677, is to be paid the plaintiff out of the proceeds of the sale, in addition to the amount ordered by the trial court.

Affirmed as modified. Costs to neither party.