Argued October 9, affirmed December 11, 1968

# HARRINGTON, *Respondent, v.* HARRING-
## TON ET UX, *Appellants.*

448 P. 2d 364

*Lewis Hoffman,* Eugene, argued the cause for appellants. On the briefs were Sidney J. Nicholson, Florence, and Bailey, Hoffman & Morris, Eugene.

*Karl W. Freerksen, Jr.,* and *Harold A. Lewis,* Beaverton, argued the cause for respondent. With them on the brief were Myatt, Bolliger & Lewis, Beaverton.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

DENECKE, J.

The plaintiff mother brought this suit against the defendants, her son and daughter-in-law, to establish a constructive trust upon real and personal property transferred by her to them. The trial court found for the plaintiff.

We announced the applicable rule of law in *Hanscom v. Irwin,* 186 Or 541, 565, 208 P2d 330 (1949), by adopting § 44, 1 Restatement, Trusts:[1]

"(1) Where the owner of an interest in land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, as required by the Statute of Frauds, and the transferee refuses to perform the trust, the transferee holds

_____

[1] 1 Restatement (Second) 113, Trusts § 44, states the same rule.

the interest upon a constructive trust for the transferor, if

"(a) the transfer was procured by fraud, duress, undue influence or mistake, or

"(b) the transferee at the time of the transfer was in a confidential relation to the transferor, or "* * * * *." 1 Restatement (Second) 113, Trusts § 44.

The trial court wrote an opinion finding that the transfers were procured by duress and that the plaintiff intended the property to be held in trust.

We find that the plaintiff intended the property to be held in trust. We need make no finding upon the issue of duress.

■ The findings largely depend upon a determination of the credibility of the witnesses as the evidence was in sharp conflict. In such circumstances, great weight is given to the findings of the trial court although as a court of equity we may consider the evidence de novo. *Dahl v. Clackamas County*, 243 Or 152, 156, 412 P2d 364 (1966). The trial court expressed its opinion that the defendant Ernest Harrington, Jr., "has largely destroyed his credibility in this court."

The plaintiff was a widow 66 years old at the time of trial. In 1961 or 1962 she had been committed as mentally ill to the State Hospital, in Salem, Oregon, upon the petition of her husband and two of her three children, not the defendant Ernest. Ernest testified that he was instrumental in having her released after a confinement of one month. For many years,—until September 1966, she had been recorder and, therefore, also municipal judge of a small Oregon town. Defendants contend that because of this experience she had a better knowledge of the law than most laymen. She had

had a "stroke," was in poor health, and took quantities of prescribed drugs of some nature.

Two days after her husband's death, on August 23, 1965, Ernest's name was substituted for his father's on the joint bank account with his mother. The mother testified that this was done at Ernest's suggestion so that if she became ill he could draw amounts to pay her expenses. She continued to put money into the account and to make withdrawals until September 1966. Ernest made no deposits into the account. In September 1966 Ernest, admittedly without notice to his mother, withdrew the balance of $2,241.50 and used it for his personal use. A mutual friend of the parties testified that several months after this plaintiff asked Ernest for some money to have some dental work done and that he said he did not have any to give her.

In December 1965 plaintiff made, and had recorded, conveyances to defendants of a rental property and a property which she previously sold on contract. The total value of both properties was $5,000. Subsequently, most of the rent, if not all, was paid directly to plaintiff. Plaintiff's testimony is not clear as to whether she received the installments paid on the sale contract. Apparently, she did receive installments in the first part of 1966; however, from the time she demanded that the defendants return the property, in September 1966, the contract payments, totaling $400, were received and retained by defendants.

In September 1966 plaintiff conveyed her home, valued at $15,000, to defendants, reserving to herself a life estate.

According to plaintiff's testimony, Ernest persuaded her to make all these transfers. She testified he told her that she should do this because "all Juanita and Lyle, that is my other two children, wants is your

property and if they get the property they will put you back in Salem [the mental hospital]." She also testified he told her she would have all the income from the properties " 'and when anything happens to you, I'll take them and divide the money and the properties between the other three children.' " She testified that Ernest told her that if she conveyed the property to him it would save "a lot of red tape" and money for probate and he could make out deeds to the other children.

Defendants' contentions are that plaintiff conveyed the properties as a gift because she was grateful to her son for getting her out of the mental hospital at Salem or because she wanted to divest herself of her property in order to be eligible to receive a veterans widow's pension.

■ There is some evidence to support these contentions, particularly the latter; however, the defendants introduced no evidence of how much property a widow could own or how much income a widow could receive and be eligible for a widow's pension. In addition the plaintiff initially received only a $27 per month pension which is not a likely motivation for a widow to give away all her property.

■ The defendants further contend that the plaintiff is guilty of laches. Even if a sufficient time had elapsed to invoke laches, there is no showing that the lapse of time has prejudiced the defendants. This is necessary. *Brusco v. Brusco,* 241 Or 550, 553, 407 P2d 645 (1965).

Affirmed.