Argued October 8, affirmed October 23, 1975

PERSON, *Appellant, v.* PAGNOTTA ET UX;
*Respondents.*

541 P2d 483

*Douglas M. Fellows* of Nedrick, Fellows, McCarthy & Zikes, P. C., Portland, argued the cause and filed a brief for appellant.

*Charles Robinowitz,* Portland, argued the cause and filed a brief for respondents.

O'CONNELL, C. J.

This is a suit brought by Nellie Person through her conservator to require defendant Michael Pagnotta to reconvey real property previously conveyed to him by Nellie Person on the ground that he holds the property upon a resulting trust. Plaintiff appeals from a decree in favor of defendants.

Plaintiff, an elderly woman, and defendants had a very close relationship over a long period of time. The trial court assessed the evidence as being "strong

that the parties treated each other as blood relations." While plaintiff was seriously ill in a convalescent home she executed and delivered to defendant Michael Pagnotta a deed naming him as grantee but reserving to herself a life estate. Michael Pagnotta testified that plaintiff said that she wanted the property to go to the Pagnottas' daughter after plaintiff's death, which she deemed to be imminent. In the course of testifying as to the circumstances of the conveyance, Michael Pagnotta was asked, "Did you promise Mrs. Person that you would take care of her and pay all of her expenses the rest of her life?" to which he responded, "Yes, sir."

A considerable period of time before plaintiff went to the convalescent home and when she was still well, she asked Mrs. Pagnotta to have her name on a joint account so that Mrs. Pagnotta would be able to pay plaintiff's bills in the event that she was not physically able to take care of her own affairs. This was done. At the time of the trial, there was $2,270.43 in the account.[1]

The trial court held that plaintiff effectively made a gift to defendants' daughter of the remainder interest in the real property. In effect, this recognized that Michael Pagnotta held the remainder interest as trustee for his daughter. Plaintiff contends that this constituted error for the reason that the trust was oral and thus violated the Statute of Frauds. (ORS 93.-020.)[2]

---

[1] The trial court's decree transferred this account to plaintiff's conservator. The evidence established that Mrs. Pagnotta had expended $1,102.32 out of her own account for plaintiff's needs but the trial court refused to allow her to recover this amount because she had made the expenditures "with no hope of reimbursement."

[2] ORS 93.020 provides: "(1) No estate or interest in real property, other than a lease for term not exceeding one year,

█ It will be noted that subsection (2) of ORS 93.020 makes it clear that the section does not "prevent a trust from arising * * * by implication or operation of law." A constructive trust is one kind of trust which arises by "operation of law," and is therefore not prevented from arising simply because the evidence necessary to prove it is an oral agreement to hold the property in trust. The question in the present case is, then, whether a constructive trust arose out of Michael Pagnotta's oral agreement to convey to his daughter the real property conveyed to him by plaintiff. The applicable principle is found in Restatement of Restitution § 183, pp. 737-38 (1937):

"Where the owner of an interest in land transfers it inter vivos to another upon an oral trust in favor of a third person or upon an oral agreement to convey the land to a third person, and the trust or agreement is unenforceable because of the Statute of Frauds, and the transferee refuses to perform the trust or agreement, he holds the interest upon a constructive trust for the third person, if, but only if,

"* * * * * *

"(b) the transferee at the time of the transfer was in a confidential relation to the transferor, or,

---

nor any trust or power concerning such property, can be created, transferred or declared otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring it, or by his lawful agent under written authority, and executed with such formalities as are required by law.

"(2) This section does not affect the power of a testator in the disposition of his real property by a last will and testament, nor to prevent a trust from arising or being extinguished by implication or operation of law, nor to affect the power of a court to compel the specific performance of an agreement in relation to such property."

"(c) the transfer was made by the transferor in contemplation of death."[3]

■ The evidence in the case before us clearly establishes that the transferee, Michael Pagnotta, was in a confidential relation to the transferor.[4] As we have already observed, the trial judge found that "the parties treated each other as blood relations." We reach the same conclusion on the basis of the record.

There is also evidence that the transfer was made by the transferor in contemplation of death, thus falling within subsection (c) of Section 183.[5] There was

---

[3] *See also,* Restatement (Second) of Trusts § 44 (1959), and Hanscom v. Irwin, 186 Or 541, 208 P2d 330 (1949); Harrington v. Harrington, 252 Or 39, 448 P2d 364 (1968).

[4] Comment *c* of Section 182, Restatement of Restitution, pp. 734-35 (1937), defines confidential relation as follows: "A confidential relation exists not only where there is a fiduciary relation such as that between attorney and client, trustee and beneficiary, guardian and ward, partner and partner, and the like, but also where, because of family relationship or otherwise, the transferor is in fact accustomed to be guided by the judgment or advice of the transferee or is justified in placing confidence in the belief that the transferee will act in the interest of the transferor. It might seem, indeed, that wherever the transferee orally agrees to hold the property transferred to him in trust for the transferor or agrees to retransfer it, there is in this very fact a sufficient relation of confidence thereby created to justify imposing a constructive trust upon him if he breaks his promise; but some courts require additional evidence of confidence in the relation between them before imposing a constructive trust (see the Caveat)."

[5] Comment *f* of Section 183, Restatement of Restitution, p. 742 (1937), explains: "Where the owner of an interest in land transfers it to another, and the transferee orally agrees with the transferor at the time of the transfer that he will hold the land in trust for or convey it to a third person, and the transfer was made by the transferor in contemplation of death and intended by him as a substitute for a testamentary disposition of his property, the transferee holds the property upon a constructive trust for the third person (see Restatement of Trusts, § 45, Comment *d*). This situation is treated as analogous to the situation where a testator devises or bequeaths property to a person in reliance upon his agreement to hold the property in trust for or to convey it to another (see § 186)."

testimony that plaintiff made the conveyance in the manner that she did because she "didn't want any probate" and that she "wanted the property to go to * * * [the] daughter after * * * [plaintiff's] death." There was also evidence that plaintiff had previously executed a will in which she devised the property to the daughter.

Since a constructive trust arose in favor of the daughter, this case does not fall within the principle found in Restatement (Second) of Trusts, § 411, p. 333 (1959), relied upon by plaintiff, which states that

> "Where the owner of property gratuitously transfers it and properly manifests an intention that the transferee should hold the property in trust but the trust fails, the transferee holds the trust estate upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust should arise or the intended trust fails for illegality."

As we have demonstrated, this is not a case where the "trust fails"; a valid trust in favor of the daughter arose by operation of law.[6]

■ Plaintiff also contends that the transfer of the remainder interest was conditioned upon defendants' promise to pay for plaintiff's care during the rest of her life. We have recited the testimony which constitutes the only direct evidence relating to a promise to take care of plaintiff and "to pay all of her expenses the rest of her life." In the Findings of Fact and Conclusions of Law, the trial court dealt with the question, as follows:

"* * * Plaintiff's conservator urges a theory

---

[6] This distinguishes the present case from the cases relied upon by plaintiff. *See, e.g.,* Shipe v. Hillman, 206 Or 556, 292 P2d 123 (1956); *Cf.,* Belton v. Buesing, 240 Or 399, 402 P2d 98 (1965).

that plaintiff only conveyed her remainder interest in the property upon condition that defendants should care for her in the future. The court is not impressed with the quality of conservator's evidence on this point. At least two factors detract from conservator's theory .... (1) the funds transferred to defendant Velia A. Pagnotta for that purpose and (2) the longstanding and close relation between the parties."

We find, as did the trial court, that the evidence does not establish that the promise to support was intended to be a condition of the gift to the daughter. Michael Pagnotta stated only that he agreed to take care of plaintiff and pay all of her expenses. He did not testify, nor was there any other evidence that his promise was to constitute either a condition precedent or subsequent to the creation of a trust in favor of the daughter. In addition to the reasons advanced by the trial judge, it may be pointed out that plaintiff had already made a will devising the property to the daughter which could not, in the nature of things, be conditioned upon an obligation to support the testator since she would be dead at the time the gift became effective.

We hold that the evidence does not support a resulting trust and therefore the decree of the trial court is affirmed.