Argued December 6, 1977, affirmed March 28, 1978

BEREAN FUNDAMENTAL CHURCH
COUNCIL, INC., *Appellant,*
*v.*
BRAUN et al, *Respondents.*
(No. 7442, SC 25206)
576 P2d 361

Merle A. Long, of Long, Bodtker and Post, Albany, argued the cause and filed a brief for appellant.

Karen C. Allan, Medford, argued the cause for respondents. With her on the brief were Stuart E. Foster, and Frohnmayer & Deatherage, Medford.

BRYSON, J.

## BRYSON, J.

Plaintiff, the national ruling body of the Berean Fundamental Church, brought this suit against defendants, the pastor, the local council, and the congregation of the Berean Fundamental Church of Brookings, Oregon, to recover possession of the local church's real property. Plaintiff held title to the property. Plaintiff also sought to enjoin defendants from using the name "The Berean Fundamental Church."

Defendants' answer and cross-complaint alleged, inter alia, that defendants, on reliance of plaintiff's representations, deeded the church property to plaintiff to be held in trust for the benefit of defendants and the Brookings congregation; that plaintiff had breached the trust and prayed that legal title be conveyed to them.

The trial court made extensive findings of fact which provided in part:

"* * * * *.

"4. Said official board [defendants] is the duly constituted representative of the present congregation of the Brookings church. The present congregation and said official board are the successors in interest of the original board and congregation of the Brookings Bible Church which, on February 25, 1968, joined The Berean Fundamental Church and deeded the church premises to plaintiff * * *.

"5. Defendants' predecessors in interest deeded said real property to plaintiff in reliance upon the representation of plaintiff that if a controversy ever arose between the plaintiff and the Brookings church that the plaintiff would reconvey said real property to the offical board of the Brookings church.

"6. The defendants' predecessors in interest deeded said real property to plaintiff further in reliance upon the representation of plaintiff that said conveyance was necessary in order to join The Berean Fundamental Church and to use its name and that the property would be held in trust for the benefit of the local congregation * * *

[ 663 ]

"7. Although the deed conveying said real property to plaintiff was absolute in form purporting on its face to convey plaintiff complete title of the property therein described and although said deed recites a $10.00 consideration, no consideration was in fact paid by plaintiff or other person to defendants or their predecessors and defendants' predecessors did not intend by said deed to convey the beneficial interest or any portion thereof in the property to the plaintiff.

"8. Said real property was purchased solely by the monies of the local congregation of the Brookings church and the plaintiff has made no monetary contributions towards the purchase, maintenance or repair of said real property.

"* * * * *.

"12. There was a confidential relationship between the congregation of the Brookings Bible Church (The defendants' predecessors in interest) and the plaintiff.

"* * * * *."

The trial court also made conclusions of law which provided in part:

"* * * * *.

"2. The plaintiff holds the following described real property: [description] in trust either express or constructive for the benefit of the defendants.

"3. That plaintiff should be required to convey all of its right, title and interest in and to said real property to defendants * * *."

The trial court entered a decree in favor of the defendants in accordance with the above findings of fact and conclusions of law. Plaintiff appeals from that part of the decree which ordered plaintiff to convey the real property to defendants. The court also enjoined defendants from using the name "The Berean Fundamental Church." Defendants have not appealed from that part of the decree.

Plaintiff summarizes its first four assignments of error as follows:

"The court erred in finding that there were representations relied upon by the defendants so that the deed of

[ 664 ]

real property to the plaintiff created a trust as a matter of law."

Plaintiff argues:

"The title to the real property upon which the church was located was conveyed by a good and sufficient deed without any trust provisions being contained therein. * * *

"* * * * *.

"* * * [W]here real property is involved an express trust cannot be established by parol evidence when a deed or other conveyance is absolute in form and there is absence of fraud or a similar factor in the procurement and the execution of the deed. * * *"

The defendants acknowledge that the deed does not state that the property is held in trust but contend that several witnesses testified "that in the discussions held before the congregation [Brookings congregation] voted to join plaintiff and to deed over the church property, Reverend Gustafson and Reverend Olsen assured the congregation that if there were difficulties between the local church and plaintiff the local church would be allowed to withdraw with its property. Members of the congregation relied on these assurances."

As in most cases of this nature, there is a conflict in testimony as to what was agreed or stated between the parties at the time defendants' predecessors conveyed the church's real property to plaintiff on February 28, 1968, or immediately prior thereto.

■ This court gives substantial weight to the trial court's appraisal of conflicting testimony on de novo review of equity cases. *Lichty v. Merzenich,* 278 Or 209, 213, 563 P2d 690 (1977); *Usinger v. Campbell,* 280 Or 751, 758, 572 P2d 1018 (1977).

We have reviewed all of the testimony and exhibits. The evidence shows that defendants are the successors in interest of the Brookings Bible Church, which was an independent church until it joined plaintiff in 1968.

Reverend Gustafson was the west coast district leader and executive member of the plaintiff "council" and received a salary from the plaintiff. One of his duties was to locate new churches. In 1967 he contacted the members of the Brookings Bible Church regarding affiliation with The Berean Fundamental Church, and for several months in 1967 he was the minister at the Brookings Bible Church. He testified that he advised the defendants' predecessors as to the procedure in joining plaintiff as an affiliate. He employed an attorney and eventually the necessary resolution and deed here involved were prepared and executed, after several meetings with defendants' predecessors.

Reverend Braun, who held a position similar to that of Reverend Gustafson with the plaintiff, and who was pastor of the church at Brookings when the difficulties between plaintiff and defendants arose, testified:

"Q. And as a part of your job were you instructed in regard to how to answer a question such as whether a local church could withdraw from the national?

"* * * * *.

"A. That the concept was a two-way street, that the national church desired to protect the local church, but on the other hand, the local church needed protection from the national, and in cases of the desire of a congregation to withdraw, it could do so."

Mrs. Kimberley, a member of The Berean Fundamental Church, testified that she was present at the meetings when Reverend Gustafson was explaining the manner of the Brookings congregation joining the plaintiff and the transfer of the Brookings church property to the plaintiff.

"Q. At that time was there any discussion by him [Reverend Gustafson] in regard to the ability of the local church to withdraw from the national?

"A. I specifically asked him what guarantee did our board and congregation have if we wished to withdraw and he explained very clearly to me that, naturally, if there were justified reasons and circumstances we could, that our board could withdraw from the council.

"Q. Did you also discuss with him the question over who actually governed the local church?

"A. Oh, very definitely, I did, and he stated specifically that there would be no problem at all of the independent control, that we would remain under the independent control of the board of the local congregation."

Several other witnesses testified to the same effect.

We find that defendants' predecessors in interest deeded the real property of the Brookings church, including the improvements — a church building and parsonage — to plaintiff in reliance upon a representation by plaintiff that if a controversy ever arose between the plaintiff and the Brookings church, the plaintiff would reconvey the property to the local governing body of the church and its congregation. Defendants had invested in excess of $97,000 in their property. No consideration was paid defendants or their predecessors for the deed conveying said property, and defendants did not intend to convey their beneficial interest therein.

It is not disputed that a controversy between the national church, plaintiff, and defendants did arise, and in 1975 plaintiff attempted to remove defendant Braun from his position as pastor of the Brookings church. Plaintiff gave notice that it was terminating recognition of the congregation under Braun's leadership and notified the congregation to vacate the church properties. The defendants and the congregation refused to vacate and this suit followed.

■ It is generally true that to be enforceable, an express trust involving real property must be in writing. However, the statute of frauds, ORS 93.020, provides as follows:

"(1) No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred or declared otherwise than by operation of law or by a conveyance or other instrument in writing,

[ 667 ]

subscribed by the party creating, transferring or declaring it, or by his lawful agent under written authority, and executed with such formalities as are required by law.

"(2) This section does not affect the power of a testator in the disposition of his real property by a last will and testament, *nor to prevent a trust from arising or being extinguished by implication or operation of law,* or to affect the power of a court to compel the specific performance of an agreement in relation to such property." (Emphasis added.)

■■ In *Belton v. Buesing,* 240 Or 399, 402 P2d 98 (1965), this court held that an oral express trust in land will be enforced if the grantee fails to raise the statute of frauds as a defense. In the present case, plaintiff has raised the statute of frauds and, therefore, an express trust is unenforceable. In *Belton v. Buesing, supra,* we also held:

"However, a trust may arise out of a gratuitous conveyance absolute in form upon other grounds. Thus a constructive trust may be imposed upon the grantee as a remedial device to avoid unjust enrichment. * * *" 240 Or at 405.

The evidence in this case shows that the giving of the deed to plaintiff was a gratuitous conveyance.

■ In *Person v. Pagnotta,* 273 Or 420, 541 P2d 483 (1975), plaintiff conveyed property to defendants on condition that defendants convey the property to defendants' daughter after plaintiff's death. Plaintiff became dissatisfied with this disposition of the property and sued to recover it. We held that even though the trust was not in writing, a constructive trust arose in favor of defendants' daughter because plaintiff and defendants were in a confidential relation to each other. In so holding, we referred to Restatement of Restitution § 183 (1937) as stating the applicable principle. A similar principle, applicable to this case, is stated in Restatement of Restitution § 182 (1937) (at 730-31) as follows:

"Where the owner of an interest in land transfers it inter vivos to another upon an oral trust in favor of the

transferor, or upon an oral agreement to reconvey the land to the transferor, and the trust or agreement is unenforceable because of the Statute of Frauds, and the transferee refuses to perform the trust or agreement, he holds the interest upon a constructive trust for the transferor, if

"* * * * *.

"(b) The transferee at the time of the transfer was in a confidential relation to the transferor * * *.

"* * * * *."

■ The evidence in this case shows that when Reverend Gustafson, a member of the council and district leader for plaintiff, made the representation to defendants' predecessors that plaintiff would reconvey the local church property, he was then the acting minister for the Brookings congregation. Under these circumstances, a confidential relationship existed between Reverend Gustafson, representing the plaintiff, and the Brookings congregation.[1] Therefore, this is a proper case in which to impose a constructive trust. We conclude that there is strong and convincing evidence that a constructive trust be imposed in favor of the defendants in this case. *See Marston v. Myers et ux,* 217 Or 498, 509-11, 342 P2d 1111 (1959); *Shipe v. Hillman,* 206 Or 556, 568, 292 P2d 123 (1955).

This determination also answers plaintiff's ninth assignment of error, which is that "The court erred in failing to order the defendants to surrender property to the plaintiff."

Plaintiff summarizes its fifth through eighth assignments of error as follows:

"The court erred in finding the plaintiff violated its constitution in disciplining the minister, local board and congregation."

---

[1]The trial court also found that there was a confidential relationship between Reverend Gustafson and the congregation. The relationship was one in which the transferors " 'were justified in placing confidence in the belief that the transferee will act in the interest of the transferor[s].' " *Person v. Pagnotta,* 273 Or 420, 424 n. 4, 541 P2d 483 (1975), quoting from Restatement of Restitution 734-35, § 182, Comment c (1937).

Presumably, the parties felt that the organizational structure of The Berean Fundamental Church was important to the resolution of this case. However, having resolved the issue of whether or not there was a constructive trust in favor of the defendants, it is not necessary that we discuss the organizational issue of plaintiff and defendants.

We conclude, as did the trial court, that the plaintiff holds the Brookings church real property in trust for the benefit of the defendants and the Brookings church congregation. Plaintiff shall forthwith convey all of its right, title and interest in and to said real property to the defendants as decreed by the lower court.

Affirmed.