Argued and submitted September 20, 1985, affirmed as modified June 4, 1986

LESSER,
*Petitioner-Appellant,*

*v.*

LESSER
*Respondent-Respondent.*

(31152; CA A29502)

720 P2d 405

Deanne L. Darling, Oregon City, argued the cause for appellant. With her on the briefs was Hutchison, Hammond & Walsh, Oregon City.

Roscoe C. Nelson, Portland, argued the cause for respondent. With him on the brief was Nelson and Nelson, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Appellant sought partition of a farm that she held in co-tenancy with her former husband.[1] ORS 107.105(6). The co-tenancy was created by a dissolution judgment. *See Lesser and Lesser,* 28 Or App 377, 559 P2d 532, *rev den* (1977). She appeals from the trial court's judgment that partitioned the farm and awarded her damages of $5,596.74. Our review is *de novo. Brusco v. Brusco,* 241 Or 550, 555, 407 P2d 645 (1965). We modify the judgment and affirm as modified.

Appellant assigns error to the court's computation of damages. The parties agree that respondent is liable to her for one-half of the fair rental value of the farm for the period of the former husband's occupancy from January 31, 1977, to April 1, 1983. They also agree that respondent is entitled to offset certain expenses which he incurred in connection with the property during that period. *See Palmer v. Protrka,* 257 Or 23, 476 P2d 185 (1970). Appellant argues that the court erred: (1) in assigning a rental value to the property ($28,852.90) that is unsupported by the evidence; (2) in allowing an offset for taxes without proof in the record; and (3) in allowing an offset for respondent's expenditures in maintaining and improving the property.

■ ■ Respondent concedes that the court miscalculated the farm's rental value. The parties differ, however, about what the rental value should be. We find that it is $37,370.[2] We also find that the court erred in calculating the amount of taxes that respondent can offset, because it relied in part on information that it received in a letter from respondent's attorney after trial. In the absence of a stipulation of the parties, that was error. We find that the offset for taxes should be only $5,927.85, rather than the $7,431.68 that the court allowed.

---

[1] The former husband was originally the respondent in this action. After his death, the personal representative of his estate was substituted as respondent, and we use the term to include both the former husband and his personal representative.

[2] We determine the rental value as follows:

| | | |
|---|---|---|
| House | $325/mo × 12 mo/yr = | $3,900/yr |
| Pasture Land | $20/acre-yr × 40 acres = | 800/yr |
| Tillable Land | $40/acre-yr × 34 acres = | 1,360/yr |
| | | $6,060/yr |

$6,060/yr × 6.167 yrs = $37,370

 The court, however, did not err in allowing an offset for respondent's expenditures for repairs and improvements. A co-tenant is required to bear a proportionate share of the expense of maintaining and keeping property in repair and of the cost of permanent improvements to which she consents. *Palmer v. Protrka, supra,* 257 Or at 31. "Generally, when a co-tenant, in good faith, makes substantial improvements to property which enhances its value, equity finds a way of giving him the benefit of the improvements." *Miller v. Plein,* 191 Or 223, 229, 227 P2d 823 (1951). At trial, respondent offered proof of the expenditures on the property, although the evidence does not allocate the expenditures between maintenance or repairs and improvements. Appellant, however, was on notice of the improvements that he was making. Her failure to object to them constituted consent. *Palmer v. Protrka, supra,* 257 Or at 32 n 10; *Dahlhammer and Roelfs v. Schneider Exec.,* 197 Or 478, 498, 252 P2d 807 (1953). Respondent, therefore, is entitled to the offset of $3,000 that the court allowed for expenditures on the property.

After recalculating the rental value and the offset for taxes, we find that appellant's damages are $10,607.21.[3]

Appellant's other assignments are without merit. The relief that she challenges was within the court's equitable powers.

Judgment modified to award appellant $10,607.21; affirmed as modified.

---

[3] Respondent concedes that the court miscalculated appellant's damages. Respondent asserts that they were $8,692 rather than the $5,596.74 awarded below. We calculate the damages as follows:

| | |
|---|---:|
| Farm Rental | $37,370.00 |
| Timber Profit | 3,213.00 |
| Insurance Expense | (1,080.00) |
| Taxes | (5,927.85) |
| Improvements | (3,000.00) |
| | $30,575.15 |
| Petitioner's Share (× 1/2) | $15,287.58 |
| Credit for Amount Paid | (4,680.37) |
| | $10,607.21 |