Argued and submitted October 28, 1991, reversed and remanded February 26, 1992

Eulalie Editha BAKER,
*Appellant,*

*v.*

Harold Louis MOHR,
by and through
Lloyd Adams,
the duly appointed and acting Conservator for
Harold Louis Mohr,
*Respondent.*

(90-2031; CA A67441)

826 P2d 111

Donald R. Moeller, Tillamook, argued the cause and filed the brief for appellant.

Allyn E. Brown, Newberg, argued the cause for respondent. With him on the brief was Brown, Tarlow & Berry, P.C., Newberg.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff, daughter of Vernita Fontella Mohr (decedent), sued defendant to enforce a premarital agreement by imposing a constructive trust over assets that he had acquired from decedent, his spouse. The trial court granted defendant's summary judgment motion. ORCP 47. Plaintiff appeals, and we reverse.

Plaintiff alleges that, before decedent died, defendant destroyed or concealed the premarital agreement between him and decedent. According to plaintiff, the purported agreement contemplated that decedent and defendant would execute a will that would leave half of their assets to plaintiff subject to a life estate in favor of defendant in the residence. When decedent died, defendant acquired decedent's interest in the assets by right of survivorship, because the assets were held jointly. Defendant moved for summary judgment on the basis of ORS 112.270, supported by an affidavit stating that no premarital agreement ever existed between him and decedent. Plaintiff responded with several affidavits, one of which was by the minister who had married decedent and defendant. He said that he had met with them on the day before the wedding:

> "My church the Presbyterian Chuch [sic] USA requires marriage counseling prior to the union so I met with them on Friday the 6th of November in her living room. In golden age marriages one [of] the important matters of discussion is always prenuptial agreements. In this case Vernita being forward produced and allowed me to read her document that was signed by both of them. It was what I call very severe."

Plaintiff argues that there is a genuine issue of material fact as to whether decedent and defendant had entered into a premarital agreement and whether defendant concealed or destroyed that agreement. That issue of fact, according to plaintiff, prevents the application of ORS 41.580(1)(d)[1] and ORS 112.270. Defendant contends that

---

[1] ORS 41.580(1)(d) provides:

"In the following cases, the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is ·in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the case prescribed by law:

summary judgment was proper as a matter of law, because plaintiff's affidavits failed to produce any written evidence that would satisfy the statutes.

In a summary judgment proceeding, the moving party has the burden of showing that there are no genuine issues of fact and that it is entitled to judgment as a matter of law. We review the record in the light most favorable to the nonmoving party. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). A party opposing a motion for summary judgment may not rest on the allegations in that party's pleadings but must, by affidavit or otherwise, set out specific facts showing that there is a genuine issue of material fact. *Bostick Family Trust v. Magliocco*, 64 Or App 305, 308, 667 P2d 1044 (1983).

Plaintiff's affidavit from the minister creates an issue of fact as to whether there was a written premarital agreement that was destroyed by defendant. ORS 41.580(1)(d) is part of the Statute of Frauds, which, in general, was enacted for the purpose of preventing fraud. It may not be invoked to protect a fraud. *Stevens v. Good Samaritan Hosp.*, 264 Or 200, 204-05, 504 P2d 749 (1972). Moreover, the statute does not apply to cases where the law imposes a constructive trust on the basis of fraudulent acts by the person receiving the property. *Templeton v. Hollinshead et al.*, 119 Or 620, 623-24, 250 P 747 (1926); *see also Person v. Pagnotta*, 273 Or 420, 423, 541 P2d 483 (1975). If there was a premarital agreement and, if defendant concealed or destroyed it, he may not hide behind ORS 41.580(1)(d).

ORS 112.270(1)(c) provides:

"A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, executed after January 1, 1974, shall be established only by:

"\* \* \* \* \*

"(c) A writing signed by the decedent evidencing the contract."

---

"\* \* \* \* \*

"(d) An agreement made upon consideration of marriage, other than a mutual promise to marry."

Defendant does not refer us to any legislative history indicating that, by enacting ORS 112.270, the legislature intended that a party could use the statute to protect a fraud. ORS 112.270 was enacted as part of Senate Bill 245 in 1973. Its purpose, according to the legislative history, was to eliminate litigation involving contracts to make wills. Minutes, Senate Committee on Judiciary, February 23, 1973, p 10. At a hearing on the bill, a witness testified that "[t]he theory of the whole Probate concept now is, that *if there is some fraud, that can always be proved.*" (Emphasis supplied.) Minutes, Senate Committee on Judiciary, February 23, 1973, p 9. In the light of the purpose of ORS 112.270, we conclude that it does not operate to bar a claim if the contract to make a will was in writing and was signed by the decedent but was subsequently destroyed or concealed by the person seeking to evade its provisions.

■     Because there are genuine issues of material fact as to whether decedent and defendant entered into a premarital agreement[2] and whether defendant concealed or destroyed the agreement, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.

---

[2] The parties make no argument under ORS 108.705.