Argued and submitted April 6, reversed September 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# GLEN E. WORDEN,
*Appellant.*

(C891308CR, C891309CR;
CA A67284 (Control), A67285)
(Cases Consolidated)

838 P2d 640

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant appeals his four convictions for theft by deception. ORS 164.085(1)(a). We reverse.

Defendant was the general manager and president of Verboort Sausage Company, which made meat snack sticks that it then sold to wholesalers. Federal investigators took samples of three products: "Pepperoni," "Beef-N-Pepper" and "The Hot One." Analysis confirmed that each product contained ingredients not listed on its label. In addition to the ingredients listed on the labels, "The Hot One" and "Beef-N-Pepper" both contained pork, and "Pepperoni" contained soy. Investigation revealed that the snack sticks had been sold to three wholesalers: Perlenfein Brothers, Matthews Candy and Dean's Candy. Defendant was then charged in three indictments, with three counts in each indictment of theft by deception. ORS 164.085(1) provides, in part:

> "A person, who obtains property of another thereby, commits theft by deception when, with intent to defraud, the person:
>
> "(a)   Creates or confirms another's false impression of law, value, intention or other state of mind which the actor does not believe to be true."

The indictments each alleged that defendant

> "did knowingly create or confirm a false impression of value and contents with the intention to defraud, by selling * * * Pepperoni, that contained soy flour and/or soy protein concentrate, and Beef N Pepper Snack Sticks, that contained Pork, of the total value of more than five hundred dollars."

Each indictment was based on sales to one of the three wholesalers. The three cases were consolidated for trial.

A jury found defendant not guilty on all counts with respect to sales to Dean's Candy, guilty of one count with respect to sales to Perlenfein Brothers and guilty of all three counts with respect to sales to Matthews Candy. The counts on which defendant was convicted have been consolidated for appeal.

■    Defendant assigns numerous errors. Only one needs to be reached. He moved, *inter alia*, for a judgment of acquittal on all three indictments on the ground that no evidence

showed that he "knowingly created or confirmed [a] false impression."[1] The state's theory is that defendant "created or confirmed a false impression of the contents of his products by mislabeling them." The state maintains that it produced sufficient evidence to permit the jury to find that defendant had committed the crime charged in the indictments. We disagree.

■     The incorrect labels were the only evidence of any act that defendant did that could have created or confirmed a false impression about his products. The evidence was sufficient for a jury to find that defendant knew that his labels were inaccurate and that the victims believed that they were buying all-beef products. However, in order to prove theft by deception, the state must also prove that the deceptive act induced or caused the victims to transfer property to him. *See* Commentary to Proposed Oregon Criminal Code § 128 (1970); *State v. Clermont*, 9 Or App 141, 144-45, 495 P2d 305, *rev den* (1972) (decided under *former* ORS 165.205). No evidence in the record shows that the wholesalers relied on the labels to create or confirm their impressions about the contents or value of the snacksticks. Without that evidence, defendant's convictions cannot be sustained.

Reversed.

---

[1] Defendant moved for a judgment of acquittal at the end of the state's case on several grounds, including the issue we address here. He renewed his motion at the end of trial on the same grounds that he made in the earlier motion.