Argued and submitted January 29, reversed and remanded August 18, 1993

## Paul A. V. WELLER,
### *Appellant,*

*v.*

## John H. WELLER,
### Julanne Weller and Lorene Chevrier,
### *Respondents.*

## (9002-01222; CA A73208)

858 P2d 140

John D. Ryan, Portland, argued the cause and filed the briefs for appellant.

Roger Tilbury, Portland, argued the cause for respondents. With him on the brief were Roch Steinbach and Robert P. Johnson, Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

In this civil action in equity, plaintiff sought imposition of a constructive trust and an accounting. The trial court entered a summary judgment in favor of defendants on the basis of laches. We reverse.

Defendants are plaintiff's eldest brother, John, and John's wife, Julanne, and John's mother-in-law, Chevrier. The constructive trust that plaintiff seeks to impose concerns three parcels of real property. The first is the "Greenway property," which plaintiff acquired in 1959 and transferred to Chevrier by a blank quitclaim deed.[1] In 1972, Chevrier conveyed the property without consideration to John and Julanne by a warranty deed. In November, 1982, John and Julanne sold the property to Dawson.[2]

The other two parcels of property are "Caruthers #1" and "Caruthers #2." It is undisputed that plaintiff acquired Caruthers #1 in 1959 and then transferred it by a quitclaim deed to Chevrier. The parties disagree as to who acquired Caruthers #2. Plaintiff alleged that he bought that property by giving John $1,000 and instructing him to proceed with the purchase. John denied that, asserting that he and his wife purchased Caruthers #2 from a third party in 1963. John and Julanne are the current record title holders of both Caruthers #1 and #2.

On May 15, 1989, plaintiff sent defendants a letter demanding an accounting for the proceeds they had derived from all three parcels, including rental income and profits. After defendants refused, plaintiff brought this action to impose a constructive trust, alleging that he conveyed those properties to John with the express understanding that John would hold them and their income for him, but that John breached the agreement. Defendants moved for summary judgment on the ground that the action is barred by laches. The trial court granted the motion.

---

[1] Plaintiff asserted that he gave John a number of signed blank deed forms, so that John would be able to manage the properties for plaintiff. He also claimed that he never agreed that John's wife or John's mother-in-law would be grantees.

[2] Before John and Julanne conveyed the property to Dawson, Dawson had already conveyed the same property to a third party. It is not clear from the record how Dawson could have conveyed the property before John and Julanne did.

We review the trial court's judgment *de novo*. ORS 19.125(3). Because the trial court granted summary judgment to defendants, we may not make findings or weigh evidence. The relevant inquiry is whether defendants have shown that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. ORCP 47C.

Plaintiff argues that the trial court erred in relying on laches as the basis for granting summary judgment, because a genuine issue of material fact exists as to when laches started to run. We agree.

"[T]he doctrine of laches is not an inflexible rule, but its application depends upon the particular circumstance of each case." *Stephan v. Equitable S & L Ass'n.*, 268 Or 544, 569, 522 P2d 478 (1974). To prevail on a laches defense, a defendant must establish that

"(1) plaintiffs delayed asserting their claim for an unreasonable length of time, (2) with full knowledge of all relevant facts (and laches does not start to run until such knowledge is shown to exist), (3) resulting in such substantial prejudice to defendant that it would be inequitable for the court to grant relief." *Mattson v. Commercial Credit Business Loans, Inc.*, 301 Or 407, 419, 723 P2d 996 (1986).

*See also Rise v. Steckel*, 59 Or App 675, 684, 652 P2d 364, *rev den* 294 Or 212 (1982).

Defendants argue that the trial court properly applied laches to bar plaintiff's action, because he waited 29 years after the alleged creation of the constructive trust in 1959, and that that delay prejudiced them. Plaintiff counters that laches did not start to run until May, 1989, when he first learned that defendants denied the existence of the trust.

It is well established that laches does not start to run until a plaintiff "knew or reasonably should have known he had an interest which was being threatened." *Hanns v. Hanns*, 246 Or 282, 306, 423 P2d 499 (1967); *Raymond v. Flavel*, 27 Or 219, 235, 40 P 158 (1895); *Nyman v. City of Eugene*, 32 Or App 307, 320, 574 P2d 332 (1978), *aff'd* 286 Or 47 (1979). Defendants submitted evidence that would indicate that if a trust had been created in 1959, plaintiff should have asserted a claim long ago. However, there is also evidence to support plaintiff's assertion that he did not know

about defendants' repudiation of the constructive trust until 1989. Because there is a triable issue of material fact, the trial court erred in granting summary judgment to defendants.[3] *See Forest Grove Brick Works, Inc. v. Strickland*, 277 Or 81, 85, 559 P2d 502 (1977).

Defendants argue that summary judgment nonetheless should be affirmed, because undisputed facts show that no trust, express or constructive, was created. Defendants did not argue that theory below and the trial court did not rely on it in granting their motion for summary judgment. The court granted the motion on the basis of laches. On the record before us, we reverse the trial court.[4]

Reversed and remanded.

---

[3] Courts use the statutes of limitations for actions at law as a yardstick in applying laches. *Albino v. Albino*, 279 Or 537, 553, 568 P2d 1344 (1977); *See also* ORS 12.050. "A defendant has the burden to show laches before the statutory period; a plaintiff has the burden to disapprove laches after the statutory period." *Oregon State Bar v. Wright*, 309 Or 37, 43, 785 P2d 340, *cert den* 498 US 829 (1990).

[4] Defendants also argue that the trial court should be affirmed on the basis of the Statute of Frauds. ORS 93.020(1). However, because plaintiff's theory for recovery is constructive trust, not express trust, the Statute of Frauds does not apply. *See* ORS 93.020(2); *Berean Fundamental Church Council v. Braun*, 281 Or 661, 667, 576 P2d 361 (1978); *Tate v. Emery*, 139 Or 214, 220, 9 P2d 136 (1932); *Meek v. Meek*, 79 Or 579, 592, 156 P 250 (1916).